UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STANLEY FELIX,

Petitioner,

v.

CHRISTOPHER J. LAROSE, ET AL.,

Respondents.

Case No. 26-cv-06354-RFL-JAC

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

Petitioner Stanley Felix filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting immediate release or, in the alternative, a bond hearing. (Dkt. No. 1 ("Petition").) Petitioner asserts that his detention violates his rights to procedural due process under the Fifth Amendment and violates the Administrative Procedure Act. The government responded to the Petition, stating that the statutory authority to detain Petitioner is under 8 U.S.C. § 1226(a). (Dkt. No. 4 at 2.)[1] The government acknowledges, however, that "Courts in this District have repeatedly granted release in previous cases that are not materially distinguishable from the present petition." (*Id.* at 2–3.) The government "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.*) For the reasons described below, the petition for writ of habeas corpus is **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Haiti, entered the United States without inspection on January 13, 2022. (Petition ¶¶ 20, 45.) "Following his apprehension, DHS released Petitioner from federal immigration custody on January 14, 2022, pursuant to an Order of Release on Recognizance

[1] Citations to page numbers refer to ECF pagination.

(Form I-220A), issued under INA § 236." (*Id.* ¶ 45.) Petitioner lived at liberty for more than four years and in that time applied for asylum and obtained work authorization. (*Id.* ¶¶ 9, 48.) On or about September 1, 2026, a car petitioner was traveling in as a passenger was involved in an accident in Florida. (*Id.* ¶ 6.) Local law enforcement responded and, upon learning of Petitioner's immigration status, transferred him to federal immigration custody. (*Id.*; Dkt. No. 4-1.) Petitioner was then transferred to the Otay Mesa Detention Center in San Diego, California and remains detained there. (*Id.* ¶ 8.) The government does not assert that there have been any changed circumstances since Petitioner's release on conditional parole in 2022. (Dkt. No. 4.)

## II. LEGAL STANDARD

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to non-citizens as it does U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896). This Court and many others have previously found that individuals released from immigration custody on bond or parole have a protectable liberty interest in remaining out of custody. *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 932 (N.D. Cal. 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). The amount of process due to Petitioner before he can be deprived of his liberty is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

## III. ANALYSIS

The undisputed material facts in this case are identical to *Valencia Zapata*. Petitioner was living freely in the United States for nearly four years after the government made the determination to release him. "By releasing Petitioner[], immigration officers necessarily

determined that" he was neither a "flight risk[] nor [a] danger[] to the community." *Valencia Zapata,* 801 F. Supp. 3d at 938. Then, despite no material change of circumstances suggesting that Petitioner had become a flight risk or a danger to the community, he was re-detained without notice or a hearing. Therefore, for the reasons explained in *Valencia Zapata*, Petitioner has a protectable liberty interest in remaining out of custody and his re-detention without notice or a hearing violated his procedural due process rights. 801 F. Supp. 3d at 933–38.

Because the Court grants the Petition on constitutional grounds and grants the relief Petitioner seeks (as discussed below), this Order does not reach Petitioner's statutory claim.

## IV. REMEDY

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C. § 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy is appropriate here to address the due process violations. Furthermore, to ensure that Petitioner's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from re-detaining Petitioner without due process and a proper justification. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321–22 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core of habeas. Finally, a permanent injunction is an appropriate remedy here because "the balance of equities and consideration of the public interest" favor protecting Petitioner from detention without notice or a pre-deprivation hearing where the government has already determined that he is not a flight risk nor a danger to the community. *See Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 32 (2008).

## V. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **GRANTED** and the Court **ORDERS** as follows:

- Respondents shall provide Petitioner with the following options: (1) immediate

release in this District, no later than 24 hours after the filing of this Order; or (2) release in or near Riviera Beach, Florida (the location of the detention at issue) by November 19th, 2026. Respondents shall return all property that had been seized from Petitioner, including his identity documents. The release shall be on the same terms and conditions as Petitioner's initial release in 2022.

- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

The Clerk of the Court shall close the case. Petitioner's request for attorneys' fees is **DENIED WITHOUT PREJUDICE** to an application requesting reasonable attorney's fees that is filed within 30 days of final judgment.

**IT IS SO ORDERED.**

Dated: November 16, 2026

RITA F. LIN
United States District Judge